# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

v

FERNANDO ANTON KEATHLEY-MITCHELL,
also known as FERNANDO KEATHLY
MITCHELL,

Defendant-Appellant.

UNPUBLISHED
December 8, 2016

No. 328579
Wayne Circuit Court
LC No. 14-008097-01-FC

Before: JANSEN, P.J., and CAVANAGH and BOONSTRA, JJ.

PER CURIAM.

A jury convicted defendant of first-degree felony murder, MCL 750.316(1)(b), assault with intent to rob while armed, MCL 750.89, and possession of a firearm during the commission of a felony (felony-firearm), MCL 750.227b. The trial court sentenced defendant to life imprisonment without parole for the felony-murder conviction and a concurrent prison term of 11 to 30 years' imprisonment for the assault conviction, to be served consecutive to a two-year term of imprisonment for the felony-firearm conviction. Defendant appeals as of right, and we affirm.

Defendant's convictions arise from the July 24, 2014 shooting death of Merton Grundy. Vincent Houston, who was Grundy's friend and neighbor, testified that Grundy was shot during a robbery at Houston's house. According to Houston, the robbery was committed by two gunman, one of whom was wearing a mask, and it was the masked gunman who shot Grundy after Grundy lunged at the man. After Grundy was shot, the other robber stole a cookie tin containing marijuana.

The police focused on defendant as a suspect after receiving an anonymous telephone call. When the police interviewed defendant, he initially denied being involved in the offense. Upon further questioning, however, defendant admitted his involvement and stated that he wore a mask because he knew that Houston would recognize him. Houston was familiar with defendant because Houston had previously sold marijuana to defendant's girlfriend. Defendant claimed during his interview that he participated in the offense along with a person identified as "DJ," whom defendant identified as the shooter. According to defendant, DJ was not wearing a

-1-

mask. Defendant also denied possessing an actual firearm during the offense, claiming instead that he used a handgun that had been converted into a BB gun.

## I. SUFFICIENCY OF THE EVIDENCE

Defendant argues, in both his brief on appeal and his Standard 4 brief on appeal, that the evidence was insufficient to support his convictions of first-degree felony murder and felony-firearm. We disagree.

In reviewing a challenge to the sufficiency of the evidence, this Court reviews the evidence de novo, viewing it in a light most favorable to the prosecution, to determine whether a rational trier of fact could have found that the essential elements of the charged crime were proven beyond a reasonable doubt. *People v Lane*, 308 Mich App 38, 57; 862 NW2d 446 (2014). Circumstantial evidence and any reasonable inferences arising from the evidence may be sufficient to prove the elements of a crime. *People v Brantley*, 296 Mich App 546, 550; 823 NW2d 290 (2012). "This Court will not interfere with the trier of fact's role of determining the weight of the evidence or the credibility of witnesses." *People v Kanaan*, 278 Mich App 594, 619; 751 NW2d 57 (2008). All conflicts in the evidence must be resolved in favor of the prosecution. *Id*.

## A. FELONY MURDER

The elements of felony murder are (1) the killing of a person, (2) with the intent to kill, do great bodily harm, or create a high risk of death or great bodily harm with the knowledge that death or great bodily harm was the probable result, (3) while committing, attempting to commit, or assisting in the commission of an enumerated felony. [*Lane*, 308 Mich App at 57-58.]

Robbery is an enumerated felony. MCL 750.316(1)(b). The jury was instructed on an aiding and abetting theory of guilt. Aiding and abetting felony murder requires proof that the defendant

(1) performed acts or gave encouragement that assisted the commission of the killing of a human being, (2) with the intent to kill, to do great bodily harm, or to create a high risk of death or great bodily harm with knowledge that death or great bodily harm was the probable result, (3) while committing, attempting to commit, or assisting in the commission of the predicate felony.

In order to satisfy the malice standard . . . the prosecution must show that the aider and abettor either intended to kill, intended to cause great bodily harm, or wantonly and willfully disregarded the likelihood that the natural tendency of his behavior was to cause death or great bodily harm. Further, if an aider and abettor participates in a crime with knowledge of the principal's intent to kill or to cause great bodily harm, the aider and abettor is acting with "wanton and willful disregard" sufficient to support a finding of malice. [*People v Riley (After Remand)*, 468 Mich 135, 140-141; 659 NW2d 611 (2003) (citations omitted).]

Defendant does not dispute that there was sufficient evidence to prove that he willingly participated in the charged offense. He argues, however, that he could not be convicted of felony murder because he only possessed a BB gun, and because he did not know that his accomplice possessed a real firearm. We disagree.

Although defendant claimed during his police interview that he only possessed a BB gun, and he denied being the shooter, sufficient evidence permitted the jury to discredit both of these claims. Defendant admitted during his interview that he was the person wearing a mask. He explained that he wore a mask because, otherwise, Houston would have recognized him. Houston unequivocally testified at trial that the masked suspect was the person who shot Grundy. This evidence was sufficient to enable the jury to find beyond a reasonable doubt that defendant was the shooter. Although defendant claimed during his interview that he was armed only with a BB gun, he stated that the gun was an actual firearm that was converted to a BB gun. Detroit Police Sergeant Andrew Dattolo stated that it was not possible to convert a real firearm to a BB gun. In addition, the police recovered a fired .380-caliber shell casing at the scene. Given this evidence, the jury reasonably could have rejected any claim that defendant was armed only with a BB gun, and found instead that he was armed with an actual firearm.

Sufficient evidence also permitted the jury to find that even if defendant was not the shooter, he was guilty of felony murder under an aiding and abetting theory. Defendant contends that the evidence did not show that he was aware of his accomplice's possession of, or intent to use, a real firearm during the robbery. However, Houston testified that when he opened his door to let Grundy inside his house, two people were standing behind Grundy, and both men were pointing guns over Grundy's head toward Houston. This evidence supports an inference that the two suspects shared a common intent, and that each participated in the offense with knowledge that the other was armed with a firearm. Further, assuming that defendant was not the shooter, Houston testified that after the first suspect shot Grundy, the second suspect continued to point his gun at Houston and told Houston, "You see what happened to your friend. Where that money at?" This statement supports a finding that the second suspect contemplated that Houston would also be shot if he did not cooperate, thus indicating that the second suspect participated in the offense with knowledge that the natural tendency of his behavior was to cause death or great bodily harm and with wanton and willful disregard for that natural tendency. Accordingly, sufficient evidence supports defendant's conviction of felony murder, either as a direct principal or an aider or abettor.

## B. FELONY-FIREARM

We also reject defendant's argument that the evidence was insufficient to support his felony-firearm conviction. " 'The elements of felony-firearm are that the defendant possessed a firearm during the commission of, or the attempt to commit, a felony.' " *People v Johnson*, 293 Mich App 79, 82-83; 808 NW2d 815 (2011) (citation omitted). Defendant contends that he could not be convicted of felony-firearm because the evidence showed that he only possessed a BB gun, which does not qualify as a "firearm." Before August 10, 2015, MCL 750.222(d), as amended by 2012 PA 242, defined a "firearm" as including "a weapon from which a dangerous

projectile may be propelled by an explosive, or by gas or air. Firearm does not include a smooth bore rifle or handgun designed and manufactured exclusively for propelling by a spring, or by gas or air, BBs not exceeding .177 caliber."[1]

As previously explained, the evidence was sufficient to refute defendant's claim that he only possessed a BB gun that did not meet the legal definition of a firearm. The evidence supported a finding that defendant was the masked gunman, whom Houston identified as the shooter. In addition, the evidence describing the nature of Grundy's gunshot wound and the recovery of a .380-caliber shell casing at the scene supports an inference that Grundy was shot with a weapon that met the statutory definition of a firearm.[2] Finally, although defendant claimed that the gun was an actual firearm that was converted into a BB gun, Sergeant Dattolo testified that it was not possible to convert a real firearm into a BB gun. Accordingly, the evidence was sufficient to support defendant's felony-firearm conviction.

## II. ANONYMOUS TIPSTER

Next, defendant argues that he is entitled to a new trial because the jury heard testimony that the police associated defendant with this incident from information supplied by an anonymous tipster. Defendant argues that the testimony referring to information supplied by an anonymous caller was inadmissible because it was testimonial in nature and its admission violated defendant's right of confrontation because he was not able to confront the anonymous caller. He further argues that his defense counsel was ineffective for failing to object. We disagree.

Because there was no objection to the testimony in question on Confrontation Clause grounds, the Confrontation Clause issue is unpreserved. See *People v Benton*, 294 Mich App 191, 202; 817 NW2d 599 (2011). An unpreserved claim of error is reviewed for plain error affecting substantial rights. *People v Carines*, 460 Mich 750, 763; 597 NW2d 130 (1999). With regard to defendant's ineffective assistance of counsel claim, defendant failed to preserve the issue by raising it in a motion for a new trial or a *Ginther*[3] hearing, and our review of this issue is

---

[1] The statute was amended after defendant's trial by 2015 PA 28, effective August 10, 2015, to redefine a "firearm" as "any weapon which will, is designed to, or may readily be converted to expel a projectile by action of an explosive." MCL 750.222(e).

[2] To the extent defendant suggests that he could not have been found guilty of assault with intent to rob while armed, or could not have committed an armed robbery, unless he possessed a gun that met the legal definition of a firearm, he is mistaken. Those offenses do not require the use of an actual firearm. They only require that the offender be armed with (1) an "article used or fashioned in a manner to lead a person so assaulted reasonably to believe it to be a dangerous weapon," MCL 750.89 (assault with intent to rob while armed), or "an article used or fashioned in a manner to lead any person present to reasonably believe the article is a dangerous weapon," MCL 750.529 (armed robbery). Nevertheless, the evidence was sufficient to prove that defendant possessed an actual firearm during the commission of the charged offense.

[3] *People v Ginther*, 390 Mich 436; 212 NW2d 922 (1973).

therefore limited to errors apparent from the record. *People v Lopez*, 305 Mich App 686, 693; 854 NW2d 205 (2014). A claim of ineffective assistance of counsel is a mixed question of fact and law. *Lane*, 308 Mich App at 67. "Generally this Court reviews for clear error the trial court's findings of fact and reviews de novo questions of law." *Id*. at 68.

> In *People v Chambers*, 277 Mich App 1, 10-11; 742 NW2d 610 (2007), this Court stated:

> > A defendant has the right to be confronted with the witnesses against him or her. The Confrontation Clause prohibits the admission of all out-of-court testimonial statements unless the declarant was unavailable at trial and the defendant had a prior opportunity for cross-examination. A statement by a confidential informant to the authorities generally constitutes a testimonial statement. However, the Confrontation Clause does not bar the use of out-of-court testimonial statements for purposes other than establishing the truth of the matter asserted. Thus, a statement offered to show the effect of the out-of-court statement on the hearer does not violate the Confrontation Clause. Specifically, a statement offered to show why police officers acted as they did is not hearsay. [Citations omitted.]

This Court rejected the defendant's claim that information about an informant's tip to an FBI agent violated the defendant's right of confrontation. *Id*. at 11. This Court explained:

> > In the present case, the challenged testimony did not violate defendant's right of confrontation. The testimony was not offered to establish the truth of the informant's tip. Rather, it was offered to establish and explain why the detective organized a surveillance of defendant's home and how defendant came to be arrested. Because the Confrontation Clause does not bar the use of out-of-court testimonial statements for purposes other than establishing the truth of the matter asserted, the testimony did not violate defendant's right of confrontation. Thus, the trial court did not plainly err when it admitted the detective's testimony. In addition, because the testimony did not violate defendant's right of confrontation, any objection to the testimony would have been futile. Counsel is not ineffective for failing to make a futile objection. Accordingly, defendant was not denied the effective assistance of counsel. [Citation omitted.]

In the case at bar, the jury heard that the police identified defendant as a possible suspect in the charged offense on the basis of information provided by an anonymous tipster. That information was not offered to prove the truth of the information supplied by the tipster, but to explain why the police identified defendant as a possible suspect and decided to question him about his involvement in the offense. Because the testimony was not offered to establish the truth of any information provided by the caller, its admission did not violate the Confrontation Clause. Additionally, even assuming that the testimony was improper, defendant cannot show that the error affected the outcome of the trial because defendant confirmed in his police interview that he was present at the scene of the incident and participated in the robbery. Thus, the testimony indicating that an anonymous tipster connected defendant with the crime did not prejudice defendant. Further, because the testimony was not improper, defense counsel was not ineffective for failing to object to the testimony. *People v Ericksen*, 288 Mich App 192, 201;

793 NW2d 120 (2010) ("Failing to advance a meritless argument or raise a futile objection does not constitute ineffective assistance of counsel.").

### III. DEFENDANT'S STANDARD 4 BRIEF

Defendant raises additional issues in his Standard 4 brief, none of which have merit.

### A. *BRADY* VIOLATION

Defendant argues that the prosecutor violated his duty under *Brady v Maryland*, 373 US 83; 83 S Ct 1194; 10 L Ed 2d 215 (1963), to disclose all exculpatory evidence to the defense. Because defendant failed to raise this issue below, it is unpreserved and our review is limited to plain error affecting defendant's substantial rights. See *People v Cox*, 268 Mich App 440, 448-450; 709 NW2d 152 (2005).

To establish a *Brady* violation, defendant must show that (1) the prosecution suppressed evidence; (2) the evidence was favorable to defendant; and (3) viewed in its totality, the evidence is material. *People v Chenault*, 495 Mich 142, 155; 845 NW2d 731 (2014). Defendant argues that the prosecution suppressed evidence by not calling certain witnesses, including some who defendant contends were interviewed by the police. However, the only witness or witnesses defendant refers to are unnamed persons who called Crime Stoppers with information about this case, which led the police to focus on defendant as a potential suspect. First, there is no evidence that the prosecution suppressed any evidence related to the tips received in relation to this investigation. Although Sergeant Dattolo testified at trial that information was received from an "anonymous" caller, there is no evidence that the police had information about the tipster's identity, or that the police actually interviewed any tipsters. Second, there is no basis for concluding that any information provided by a tipster was favorable to defendant. Indeed, the record discloses that the information caused the police to focus on defendant as a suspect. Third, there is no indication that any tipster had any personal knowledge of the offense. Thus, there is no basis for concluding that any additional information from the tipster or tipsters would have been material to defendant's defense. Accordingly, we reject defendant's claim of a *Brady* violation.

### B. INEFFECTIVE ASSISTANCE OF COUNSEL

Defendant next argues that defense counsel was ineffective for (1) not calling as a witness defendant's cousin, Anthony Young, who had possession of the BB gun that defendant claimed to have used during the offense; and (2) not challenging the prosecution's case. Because defendant failed to raise an ineffective assistance of counsel claim in a motion for a new trial or a *Ginther* hearing, the issue is unpreserved, and our review of this issue is limited to errors apparent from the record. *Lopez*, 305 Mich App at 693. A claim of ineffective assistance of counsel is a mixed question of fact and law. *Lane*, 308 Mich App at 67. "Generally this Court reviews for clear error the trial court's findings of fact and reviews de novo questions of law." *Id*. at 68.

To establish ineffective assistance of counsel, defendant must show that "(1) counsel's performance fell below an objective standard of reasonableness and (2) but for counsel's

deficient performance, there is a reasonable probability that the outcome would have been different." *People v Trakhtenberg*, 493 Mich 38, 51; 826 NW2d 136 (2012). Defendant must overcome the strong presumption that the challenged action stemmed from sound trial strategy. *Id*. at 52.

"Decisions regarding whether to call or question witnesses are presumed to be matters of trial strategy." *People v Russell*, 297 Mich App 707, 716; 825 NW2d 623 (2012). Trial counsel's failure to call a witness only constitutes ineffective assistance if the failure deprived the defendant of a substantial defense. *Id*. A substantial defense is defined as one that might have made a difference in the trial's outcome. *People v Chapo*, 283 Mich App 360, 371; 770 NW2d 68 (2009). "This Court will not substitute its judgment for that of trial counsel regarding matters of trial strategy, even if that strategy backfired." *People v Rodgers*, 248 Mich App 702, 715; 645 NW2d 294 (2001).

Defendant asserts that he informed his attorney that Young had the gun that defendant used during the offense. Defendant also told the police in his interview that Young had the gun. However, it is not apparent from the record whether defense counsel contacted Young or otherwise investigated defendant's claim that Young had the gun that defendant allegedly used during the offense. Moreover, defendant has not submitted any affidavit from Young indicating that he actually had the gun and explaining the circumstances under which he acquired the gun from defendant, or how defendant obtained it from Young to use during the offense. See *People v Hoag*, 460 Mich 1, 6; 594 NW2d 57 (1999) ("[D]efendant has the burden of establishing the factual predicate for his claim of ineffective assistance of counsel[.]"). Furthermore, even if Young did possess *a* BB gun, that would not have established that it was *the* gun used by defendant during the offense. In light of this, and given Sergeant Dattolo's testimony that it was impossible to convert a real firearm to a BB gun as defendant claimed, as well as the other circumstantial evidence that a real firearm was used to commit the offense, counsel reasonably may have determined that it would have been more harmful that helpful to have Young testify about a BB gun in his possession. Accordingly, defendant has not shown that counsel was ineffective for failing to call Young as a witness. In addition, without an appropriate offer of proof from Young, defendant has not demonstrated that this matter should be remanded for an evidentiary hearing on this issue.

Defendant also has not shown that defense counsel failed to challenge the prosecutor's case. Although defendant complains that counsel asked the same questions that were asked at defendant's first trial, which ended in a mistrial, defendant fails to explain why those questions were improper. The questioning of witnesses is presumed to be a matter of trial strategy. *People v Horn*, 279 Mich App 31, 39; 755 NW2d 212 (2008). Defendant fails to identify any particular question that counsel failed to ask, or any particular subject matter that counsel failed to explore. Defendant has not demonstrated that counsel was ineffective simply because he did not question the witnesses differently. Accordingly, his ineffective assistance of counsel claim is without merit.

Affirmed.

/s/ Kathleen Jansen
/s/ Mark J. Cavanagh
/s/ Mark T. Boonstra